IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONATO ARAGORN VASQUEZ,

        Plaintiff,

v.

MERRICK GARLAND, *Attorney General of the United States*, ALEJANDRO MAYORKAS, *United States Secretary of Homeland Security*, TROY A. MILLER, *Commissioner of US Customs and Border Protection*, PETE R. FLORES, *Chief of the United States Border Patrol*, and UNITED STATES OF AMERICA,

        Defendants.

No. 3:24-cv-00756-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

Defendants move the Court to dismiss Plaintiff Donato Aragorn Vasquez's ("Plaintiff's") complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants' Motion to Dismiss ("Mot. Dismiss", ECF 16). As discussed below, Defendants' Motion to Dismiss is granted.

## I.    LEGAL BACKGROUND

Congress authorizes the Department of Homeland Security ("DHS") to remove certain inadmissible noncitizens who have arrived at or illegally crossed the U.S. border through expedited removal proceedings. 8 U.S.C. § 1225(b)(1). In expedited removal proceedings, certain

noncitizens who lack valid entry documentation or make material misrepresentations shall be "order[ed] . . . removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108-13 (2020) (discussing expedited removal). Noncitizens who indicate a fear of persecution are referred for an interview with an asylum officer, who assesses whether the noncitizen has a "credible fear of persecution." 8 U.S.C. § 1225(b)(1)(B)(ii), (v). The asylum officer's determination is not final until reviewed by a supervisor, who signs a Form I-860 notifying the noncitizen of the decision. 8 C.F.R. §§ 208.30(e)(8); 235.3(b)(2)(i), (b)(7).

If unsatisfied with the asylum officer's determination, the noncitizen may seek *de novo* review before an immigration judge ("IJ"). 8 U.S.C. § 1225(b)(1)(B)(iii)(I), (III); 8 C.F.R. § 1003.42(d). If the IJ concurs with the asylum officer's negative credible fear determination, the noncitizen is "removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(I); 8 C.F.R. § 1208.30(g)(2)(iv)(A). The Immigration and Nationality Act ("INA") precludes all further review. 8 U.S.C. §§ 1225(b)(1)(C), 1252(a)(2)(A)(iii), 1252(e)(2); 8 C.F.R. § 1003.42(f).

## II.    FACTUAL BACKGROUND

Plaintiff, a native and citizen of Mexico, first entered the U.S. illegally on or about April 3, 2013. Complaint ("Compl.", ECF 1) ¶ 18. On the same day, Customs and Borders Protection ("CBP") apprehended and brought Plaintiff to the Wellton Border Patrol Station for processing. *Id.* ¶ 19. CBP conducted an "admissibility interview" with Plaintiff in which Border Patrol Agent Regina Carey ("Officer Carey") determined that Plaintiff was inadmissible to enter the U.S. and ordered Plaintiff removed under INA. *Id.* ¶¶ 19, 20. Patrol Agent in charge, Travis Darling

("Officer Darling"), reviewed Officer Carey's determination. *Id.* ¶ 1. In violation of the regulation requiring a supervisor's concurrence, Officer Carey signed the name of Hector P. Gonzalez ("Officer Gonzalez"). *Id.* ¶ 20. Additionally, Officer Carey neglected to tick the designated box indicating whether supervisory concurrence was obtained telephonically or by other means. *Id.* ¶ 20.

Subsequently, on April 9, 2013, Plaintiff was criminally charged with illegal entry under 8 U.S.C. § 1325(a)(1) and removed to Mexico. *Id.* ¶ 21. On or about August 2013, Plaintiff re-entered the U.S. where he remains. *Id.* Plaintiff does not challenge the underlying merits of his removal, rather Plaintiff alleges that because the expedited removal order was improperly executed, he was never properly removed from the U.S., and therefore is asking the Court to vacate his expedited removal order. *Id.* ¶ 1.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1).

The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be

either "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.*

## IV.    DISCUSSION

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (the Declaratory Judgment Act), and 28 U.S.C. § 1346 (U.S. Government Defendant). Compl., ¶ 2. Defendants argue that the Court does not have subject matter jurisdiction because 8 U.S.C. § 1252(a)(2)(A) and (e)(2) divest the Court of jurisdiction over Plaintiff's claims. Mot. Dismiss, at 4.

Section 1253(a)(2)(A) governs judicial review of expedited removal orders, which provides that "no court shall have jurisdiction to review" an expedited removal order except as provided in subsection (e). 8 U.S.C. § 1252(a)(2)(A). Subsection (e) limits judicial review to three narrow issues, each of which must be raised in habeas corpus proceedings: "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed [under an expedited removal order], and (C) whether the petitioner can prove" that they have lawful status in the United States as an asylee, refugee, or permanent resident. 8 U.S.C. § 1252(e)(2). Additionally, the Ninth Circuit has held that Section 1252(e)(2) "does not permit aliens to challenge the validity of the expedited removal order[.]" *United States v. Brajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011).

The petitioner in *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1190 (9th Cir. 2021), entered the U.S. illegally and was apprehended by DHS. DHS entered an expedited removal order against the petitioner and removed him from the U.S. *Id.* The expedited removal order did not contain a supervisor's signature. *Id.* at 1191-92. Years later, the petitioner illegally re-entered the U.S. and was again apprehended by DHS. *Id.* at 1190. The petitioner argued that because his

expedited removal order failed to include a supervisor's signature, DHS could not reinstate the order because it was not final (and therefore invalid). *Id.* at 1191-92. The Ninth Circuit explained that because judicial review of expedited removal orders is governed by 8 U.S.C. § 1252, it lacked jurisdiction to hear arguments about the validity of the petitioner's order because it does not fall within any of the categories in 8 U.S.C. § 1252(e)(2). *Id.* at 1192. Therefore, the court dismissed the portion of the petitioner's petition that challenged the validity of his expedited removal order. *Id.*

Here, Plaintiff argues that the Court has jurisdiction over claims under the "limited review provisions of 8 U.S.C. § 1252(e)(2) to consider whether an immigrant was 'ordered removed' under the expedited removal statute." Response to Motion to Dismiss ("Resp.", ECF 17), 4. While 8 U.S.C. § 1252(e)(2) does allow judicial review of "whether the petitioner was ordered removed," seemingly the penultimate question in Plaintiff's case, the statute makes plain that this review is reserved for habeas corpus proceedings. Plaintiff's complaint does not raise a habeas corpus claim, *see* Compl., and thus does not fall within the limited jurisdiction review provisions of 8 U.S.C. § 1252(e)(2). As a result, the Court lacks jurisdiction to hear arguments about the validity of Plaintiff's expedited removal order. *See Alvarado-Herrera*, 993 F.3d at 1192; *see also Brajas-Alvarado*, 655 F.3d at 1082.

The Court can imagine how frustrating it would be for Plaintiff to find out years later that there was an alleged flaw in the execution of his expedited removal order. But however frustrating, the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court dismisses Plaintiff's case without prejudice for lack of subject matter jurisdiction. *See*

*Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (dismissals for lack of subject matter jurisdiction should ordinarily be dismissed without prejudice).

## V.    CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 16) is GRANTED without prejudice.

IT IS SO ORDERED.

DATED this 21st day of December, 2024.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge